■ In the Matter of DEAN SPENCER.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: Petitioner was the designated Republican candidate for the office of Chautauqua County Legislator, District 10. The parties agree that July 30, 1979 was the final day for the petitioner to decline the nomination (Election Law, § 6-158, subd 2). Four days after that date, petitioner's business partner unexpectedly died causing a drastic change in circumstances in petitioner's personal and business affairs. Petitioner's application to withdraw his nomination was granted by Special Term which declared that a vacancy thereby existed and ordered that the committee to fill vacancies substitute another candidate in his place. Subdivision 2 of section 1-106 of the Election Law is clear: "The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or to the acceptance or declination of such designation or nomination within the time prescribed by the provisions of this chapter shall be *a fatal defect."* (Emphasis added.) In construing that statute's predecessor (Election Law, § 143, subd 12, amd by L 1969, ch 529), the Court of Appeals made it clear that the time limitation for filing a certificate of declination is mandatory and that the judiciary is foreclosed from fashioning exceptions "however reasonable they might be made to appear" *(Matter of Baker v Monahan,* 42 NY2d 1074, 1075). Although the Supreme Court is vested with summary jurisdiction, which shall be construed liberally to determine questions of law or fact concerning the nomination of a candidate (Election Law, § 16-100, subd 1),

the court is not free to ignore the specific statutory mandate of subdivision 2 of section 1-106 of the Election Law that the failure to file the required certificate is a "fatal defect". (See *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556, 559.) We find no merit to petitioner's contention that the County Attorney was without authority to prosecute this appeal. (Appeal from order of Chautauqua Supreme Court—Election Law.) Present —Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.